IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JAMIE ABLES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:11CV00494 SWW |
| | * | |
| MONUMENTAL LIFE INS. CO., | * | |
| | * | |
| | * | |
| Defendant. | * | |

**Memorandum Opinion and Order**

Before the Court is defendant's motion for partial dismissal. Plaintiff filed a response to the motion. For the reasons stated below, the motion is granted in part and denied in part.

**Background**

Plaintiff's father Jack E. McCoy, Jr. ("McCoy") died on April 24, 2009, after he fell and hit his head on March 25, 2009.[1] The death certificate states as immediate cause of death "acute renal failure" seven days prior to death and "fall resulting in subdural hematoma" one month prior to death.[2] Plaintiff submitted a claim for an accidental death benefit under a life insurance policy obtained by her father from defendant. Defendant refused to pay benefits for accidental death, and plaintiff filed a complaint against defendant alleging breach of contract and breach of covenant of good faith and fair dealing.[3] She later amended her complaint to add claims of bad

---

[1] Am. Compl., Ex. 3.

[2] *Id..*, Ex. 2

[3] Plaintiff filed her complaint in state court on May 13, 2011. Defendant filed a Notice of Removal on June 17, 2011.

faith and deceptive insurance practices. Defendant moves to dismiss all of plaintiff's claims except breach of contract. Defendant argues Arkansas does not recognize a cause of action for breach of the covenant of good faith and fair dealing sounding in contract, and that plaintiff fails to allege sufficient facts to state a claim for bad faith or deceptive insurance practices.

## Standard of Review

In reviewing a motion to dismiss, the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly,* 550 U.S. at 557). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. 662. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556). A well-pleaded complaint may proceed even if it appears that actual proof of those facts is improbable and that recovery is very remote and unlikely. *Twombly,* 550 U.S. at 556. Nonetheless, the complaint must include facts sufficient to show that the plaintiff is entitled to relief. Fed.R.Civ.P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his ' entitle [ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

## Discussion

The Court will address defendant's arguments in the order presented in defendant's motion, beginning with the claim for breach of covenant of good faith and fair dealing.  Plaintiff alleges defendant's willful denial of her claim for accidental death benefits when the death certificate states her father's death was due to a fall is a breach of the implied covenant of good faith and fair dealing that is implied in all contracts in the State of Arkansas.  Defendant argues, and plaintiff admits, that Arkansas does not recognize a cause of action for breach of contract of good faith and fair dealing sounding in contract.[4]  Plaintiff, however, urges this Court to reconsider the position recently expressed by the Arkansas Supreme Court in *Arkansas Research Medical Testing, LLC v. Osborne,* 2011 WL 1423993 (Ark. April 14, 2011).  In that opinion handed down less than a year ago, the court saw "no reason to now recognize a separate contract claim for breach of the duty of good faith and fail dealing.  Therefore, a breach of the implied covenant of good faith and fair dealing remains nothing more than evidence of a possible breach of a contract between the parties."  *Id*. at *3.  The Court declines the opportunity to recognize as valid plaintiff's claim for breach of covenant of good faith and fair dealing implied in contract.

Plaintiff asserts the tort of bad faith, the elements of which are "affirmative misconduct by the insurance company, in bad faith, and malicious or oppressive attempt to avoid liability under the policy."  *Bethel Baptist Church v. Church Mut. Ins. Co.*, 924 S.W.2d 494, 496 (Ark. App. 1996).  Plaintiff alleges that the defendant, in denying accidental death benefits even though the death certificate listed a fall as a cause of death, "embarked upon a course of conduct amounting

---

[4]Pl's. Br. in Supp. Resp. to Def's. Mot. Part. Summ. J. at 7.

to a business practice maliciously pursued and directed at Plaintiff and other similarly situated customers designed to establish a pretext for denying coverage for death benefits for the purpose of avoiding its legal obligations to pay legitimate losses." Am. Comp. at ¶ 19.  Further, she asserts that "[the practices of the Defendant are regularly accomplished through the use of reports from claim examiners employed by Monumental Life to write reports speculating about cause of death (in spite of what the death certificate clearly states) to aid Defendant to avoid its obligations." *Id.* at ¶ 20.  "The acts of the Defendant specifically as carried out against Plaintiff, as described above, are malicious acts of affirmative misconduct." *Id*. at ¶ 21.  Defendant argues plaintiff fails to allege any facts in support of her claim of bad faith relying instead on mere assertions. The Court finds plaintiff has alleged sufficient facts to state a claim for bad faith by an insurance company.

Lastly, defendant asks the Court to dismiss plaintiff's claim brought pursuant to the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 23-66-201 *et seq*. ("ADTPA").  After re-alleging and re-stating the allegations in the preceding paragraphs of her complaint, plaintiff asserts that she lacked bargaining power with defendant "which is a nationwide life insurance agency, and which possessed superior knowledge of the terms and conditions of its insurance products,"[5] and that defendant violated the ADTPA by

> (a) Misrepresenting pertinent facts or insurance policy provisions related to the life insurance policy Mr. McCoy purchased from them;
> (b) Failing to acknowledge and act reasonably and promptly upon communications with respect to claim arising under the policy;
> (c) Refusing to pay Plaintiff's claim without conducting a reasonable investigation based upon all available information;
> (d) Not attempting in good faith to effectuate prompt, fair, and equitable settlement of Plaintiff's clam where the liability was reasonably clear;

---

[5]Am. Comp. at p. 4, ¶ VIII.

>   (e) Compelling Plaintiff to institute litigation to recover her loss due under the insurance policy by offering substantially less (or nothing) than the amount Plaintiff anticipates recovering in this action;
>   (f) Violated the law and policy of the State of Arkansas;
>   (g) Participated in, assisted, facilitated, aided and abetted and/or knowingly benefitted from any or all of the foregoing conduct.

Am. Comp. at pp. 4-5, ¶IX.  Defendant moves to dismiss, arguing plaintiff asserts no factual allegations in support of her ADTPA claims and that she merely recited the statute's listing of what acts or practices are defined as unfair.  Plaintiff asserts the factual allegations made in the preceding paragraphs of her complaint and incorporated in her ADTPA claim are sufficient to state a claim for relief.

The Court finds plaintiff includes "sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir.2008)(citation omitted).  Therefore, the Court denies the motion to dismiss plaintiff's claim under the ADTPA.

## Conclusion

IT IS THEREFORE ORDERED that defendant's motion for partial dismissal [docket entry 23] is granted to the extent that the Court dismisses plaintiff's claim for breach of the covenant of good faith and fair dealing.  The motion otherwise is denied.

IT IS ALSO ORDERED that the parties' joint motion for extension of the discovery and motions deadlines [docket entry 28] is granted.

DATED this 15th day of February, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE